DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
On August 17, 2000, the Summit County Court of Common Pleas sentenced appellant, Debra M. Roberts ("Roberts"), to a maximum sentence of five years in prison for robbery in violation of R.C. 2911.02(A)(1).[1]
Roberts appeals her sentence. We reverse and remand for resentencing.
 I.
On May 19, 2000, Roberts was indicted on two counts of aggravated robbery in violation of R.C. 2911.01(A)(1). On June 20, 2000, the state amended count one of the indictment to the lesser-included offense of robbery. Roberts pleaded guilty to one count of robbery. The trial court dismissed the second count of aggravated robbery and merged the two counts. The trial court found that Roberts was guilty of robbery and sentenced her to five years in prison.
Roberts filed a timely appeal with this court.
 II.
Assignment of Error:
 THE TRIAL COURT ERRED AND ABUSED [ITS] DISCRETION BY FAILING TO SATISFY THE STATUTORY REQUIREMENTS FOR IMPOSITION OF A MAXIMUM PRISON SENTENCE.
In her sole assignment of error, Roberts argues that the trial court failed to satisfy the statutory requirements before imposing the maximum sentence. We agree.
When reviewing an appeal of a sentence, an appellate court may modify a sentence or remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 is concerned with the imposition of sentences in felony proceedings. Under R.C. 2929.14(C), a trial court may impose a maximum prison term on a defendant who has met one of four criteria: 1) the defendant committed the worst form of the offense; 2) the defendant poses the greatest likelihood of committing future crimes; 3) the defendant is a major drug offender of the type set forth in R.C. 2929.14(D)(3) or 4) the defendant is a repeat violent offender of the type set forth in R.C.2929.14(D)(2). R.C. 2929.19(B)(2)(d) also mandates that if the trial court imposes a maximum prison term allowed for an offense under R.C.2929.14(A), the court must give its reasons for that decision.
This court has held that the trial court's findings need not be in the sentencing transcript if the findings are contained in the journal entry. State v. Riggs (Oct. 11, 2000), Summit App. No. 19846, unreported, at 4; see, also, State v. Edmonson (1999), 86 Ohio St.3d 324.
In the present case, the trial court's findings regarding the imposition of a maximum sentence were neither in the sentencing transcript nor in the journal entry. At the sentencing hearing, the trial court made the following findings:
 I will note for the record that factors I am required to consider for purposes of sentencing.
 The Court will note that the offender committed the offense while under a Community Control sanction while she was on probation to this court and * * * released on probation. I will note the victims of this offense suffered physical, psychological and economic harm as a result of this offense.
* * *
 I note the defendant has not responded favorably to sanctions in this case previously imposed for prior criminal convictions.
She was on probation at the time this occurred * * *.
The trial court also stated that the robbery was "a terrible incident for these victims."
The journal entry dated August 17, 2000, merely stated the factors that the trial court had reviewed at the sentencing hearing. The journal entry did not state that the trial court had found any of four criteria under R.C. 2929.14(C), which would allow the imposition of a maximum prison term.
We find that the trial court failed to make the requisite findings in either the sentencing transcript or in the journal entry. Riggs, Summit App. No. 19846, unreported, at 4; see, also, Edmonson, 86 Ohio St.3d 324. Accordingly, the sentence is reversed and the cause remanded to the trial court for resentencing consistent with R.C. 2929.14.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., CARR, J., CONCUR.
[1] We note that the August 17, 2000 journal entry contains an error regarding the proper section of R.C. 2911.02. The trial court sentenced Roberts to five years for "the crime of ROBBERY, Ohio Revised Code Section 2911.02(A)(1), a felony in the third degree." We note that robbery is a third degree felony under R.C. 2911.02(A)(3) and a second-degree felony under R.C. 2911.02(A)(1).
The record reflects that on June 26, 2000, the trial court amended count one of the indictment to robbery, a third degree felony.